

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/10/2017

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JUAN C. VEGA | § | CASE NO. 15-34014 |
| MYRNA A. VEGA | § | |
| | § | |
| DEBTORS | § | |

## MEMORANDUM OPINION AND ORDER ON DEBTORS' EMERGENCY OBJECTION TO CLAIM NO. 1-3 OF LINCOLN AUTOMOTIVE FINANCIAL SERVICES

Before the Court is Debtors' Emergency Objection to the Proof of Claim No. 1-3 of Lincoln Automotive Financial Services. (Docket No. 79). Debtors assert that by surrendering the vehicle, Lincoln Automotive Financial Services ("Lincoln AFS") proof of claim was satisfied in full. Debtors contest the amended proof of claim and request this court to disallow the claim in its entirety; seek to preclude Lincoln AFS from presenting any evidence in support of its amended claim; and request the Court to award Debtors' their attorney's fees.

The Court finds Lincoln AFS's amended claim is valid. Lincoln AFS is not precluded from presenting evidence in support of its amended claim. Lastly, the Court grants Debtor's request for attorney's fees.

The Court has jurisdiction over this proceeding pursuant 28 U.S.C. §§ 1334 and 157. This is a core proceeding.

### I. Statement of Facts

On July 30, 2015, Juan C. Vega and Myrna A. Vega ("Debtors") filed a Chapter 13 petition. (Docket No. 1). Lincoln AFS filed its original proof of claim on August 6, 2015 in the amount of $20,936.77 for a leased 2014 Lincoln MKZ. (Claim No. 1-1). Lincoln AFS attached

1

a document titled, "Itemized Statement Required by Bankruptcy Rule 3001(c)(2)(A) as of Petition Date" to its original proof of claim. The document provided:

|  |  |
|---|---|
| Debtor Name: | Juan C. Vega and/or Myrna Vega |
| Account Number: | 4030 |
| Remaining Payments: | $ 20,872.35 |
| Late Charges: | + $0.00 |
| Fees: | + $64.42 |
| Other: | - $0.00 |
| Amount of Claim: | $ 20,936.77 |

(Claim No. 1-1). Lincoln AFS attached no other documents in support of its calculations, or indicate how the $64.42 fee was incurred. Debtors did not object to this claim.

Thereafter, Debtors surrendered the vehicle to Lincoln AFS on October 16, 2015. (Exhibit No. 15). The vehicle was reconditioned and repaired before it was sold at auction on November 18, 2015. (Exhibit No. 18). On December 11, 2015, three days after the bar date for filing proofs of claim, Lincoln AFS filed an amended proof of claim for a deficiency balance of $21,682.19. (Claim No. 1-3). Lincoln AFS attached a document titled, "Itemized Statement Required by Bankruptcy Rule 3001(c)(2)(A) as of Petition Date" to the amended proof of claim, which provided:

|  |  |
|---|---|
| Debtor Name: | Juan C. Vega and/or Myrna Vega |
| Account Number: | 4030 |
| Remaining Payments: | $17,671.40 |
| Excess Miles/Wear Tear: | + $0.00 |
| Interest: | + $0.00 |
| Late Charges: | + $0.00 |
| Fees: | + $4,010.79 |
| Other: | - $0.00 |
| Amount of Claim: | $21,682.19 |

(Claim No. 1-3). Again, Lincoln AFS failed to attach documents explaining the fees in the amended deficiency amount. On January 3, 2017, January 12, February 3, and February 15,

2

Debtors' attorney emailed opposing counsel requesting documents to support Lincoln AFS's calculation of the deficiency claim. (Exhibits 7-10). Lincoln AFS never responded. On March 6, 2015, Debtors filed an emergency Objection to the amended proof of claim. (Docket No. 79).

## II. Issues Presented

Debtors object to Claim No. 1-3 on four grounds: First, Debtors assert that the claim should be disallowed in its entirety, because no supporting documents were attached to the proof of claim in compliance with Bankruptcy Rule 3001(c), and Lincoln AFS should be precluded from presenting evidence in light of its failure to produce documents. Second, the claim was satisfied in full by Debtors' surrender of the vehicle. Alternatively, Debtors assert that the sale of the vehicle was not commercially reasonable. Third, the amended proof of claim does not relate back to the original proof of claim, and thus is not timely. Fourth, Lincoln AFS lacks standing to assert the claim, because it cannot establish ownership of the debt. (Docket No. 79). In addition, Debtors request that the court award attorney's fees pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(ii). Lincoln AFS denies all Debtors' objections.

## II. Conclusions of Law

**A.     Proof of Claim Does Not Comply With Rule 3001(c)(2)(A)**

An unsecured creditor must file a proof of claim for the claim to be allowed. Fed. R. Bankr. P. 3002(a). Rule 3001(c) requires that an itemized statement identifying the interest, fees, expenses or other charges accrued before the petition was filed shall be included with the claim, in addition to the principal amount. *See* Fed. R. Bankr. P. §3001(c)(2)(A). A proof of claim executed and filed in accordance with these rules constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. § 3001(f). Failure to attach supporting documents to

3

a proof of claim violates Bankruptcy Rule 3001(c). *In re Gilbreath*, 409 B.R. 84, 115 (S.D. Tex. 2009) (citing *In re Hight*, 393 B.R. 484 (S.D. Tex. 2008)).

Assuming the proof of claim was proper under Rule 3001, Lincoln AFS would have been entitled to a prima facie evidentiary effect under Rule 3001(f). Although Lincoln AFS checked the box on the proof of claim indicating their claim included interest or other charges, it failed to include any account statements, or to explain the fees and charges listed in its proof of claim. Lincoln AFS completely failed to file a proper claim in accordance with the rules. Therefore, Lincoln AFS has the burden to prove by a preponderance of the evidence the validity and amounts of its claim.

### B. Amended Proof of Claim Is Valid

Debtors object to the amended claim on two grounds: first, Lincoln AFS lacks standing because it cannot establish ownership of the claim[1], and second, the claim should be disallowed in its entirety because the amended claim was not timely and does not relate back to the original claim. The Court finds Debtors' objections fail.

Amendments to timely filed proofs of claim are liberally permitted to "cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *In re Kolstad*, 928 F.2d 171, 175 (5th Cir. 1991) (citing *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir. 1985)). Bar dates do not inescapably limit creditors to incorrect claims. *Id.* Nevertheless, courts that authorize amendments must ensure that corrections or adjustments do not present wholly new grounds of liability. *Id.*

Lincoln AFS's amended proof of claim does not assert a new ground for liability; instead it pleads a new theory of recovery due to changed circumstances based on the same car lease.

---

[1] Debtors presented no evidence or argument on this issue.

4

Lincoln AFS's theory of recovery at the time it filed its original claim listed the remaining payments left on the lease plus a fee on the account. Although it did not seek recovery under Provision No. 29 of the lease agreement titled, "Voluntary Early Termination and Return the Vehicle;" when Debtors surrendered the vehicle to Lincoln AFS circumstances changed. Lincoln AFS appropriately filed an amended proof of claim to reflect this change. Both claims arise from Debtors lease agreement; therefore, Lincoln AFS has ownership and standing of the claim.

C.   **Lincoln AFS Met Its Burden of Proof**

Debtors assert that the sale of the vehicle was not commercially reasonable. Debtors further contend that Lincoln AFS's original claim was satisfied in full upon surrender of the vehicle.

The "Voluntary Early Termination and Return the Vehicle" provision in the original lease states:

> You may terminate this lease early, if You are not in default, by returning the Vehicle to Lessor unless Finance Company designates another place. You must pay the following: (a) the amount by which the Unpaid Adjusted Capitalized Cost exceeds the Vehicle's Fair Market Wholesale Value, plus (b) all other amounts then due under the lease (except for excess wear and use and mileage)...*Alternatively*, You may cho[o]se to satisfy Your financial obligation under this section upon Vehicle return if You pay the following: (a) the unpaid remaining Monthly Payments, plus (b) any charges for excess wear and use and mileage, plus (c) all other amounts then due under the lease. (Exhibit No. 7).

Alan Niemeyer, an employee of Ford Motor Credit Company ("Ford MCC"), testified the deficiency balance was calculated as follows:

*Amount owed on the Car*
Original Amount owed on the Account:        $50,857.46
Adj. Depreciation:                                          - 9,486.06

5

| | |
|---|---|
| Remaining Account Balance: | $41,371.40 |
| Proceeds from Sale of Vehicle: | -23,700.00 |
| Adjusted Capital Remaining Cost of Vehicle: | $17,671.40 |

*Fees & Other Expenses:*

| | | |
|---|---|---|
| Extension Fee: | | $64.42 |
| Repair & Reconditioning Fees: | | +237.50 |
|     Repair/Reconditioning Fee: | $207.50 | |
|     Labor Fee: | $30.00 | |
| Sale Fee: | | +135.00 |
| Vehicle Repossession Fee: | | +340.00 |
| Vehicle Acquisition Fee: | | +425.00 |
| Pre-petition Interest: | | +2,808.87 |
| Total Fees & Other Expenses: | | $4,010.79 |

*Deficiency Amount:*

| | |
|---|---|
| Adjusted Capital Remaining Cost of Vehicle: | $17,671.40 |
| Total Fees & Other Expenses: | + 4,010.79 |
| Total Deficiency Amount: | $ 21,682.19 |

Although Debtors assert that the sale of the vehicle was not commercially reasonable, Debtors offered no evidence in support of this allegation. The surrender of a vehicle in bankruptcy does not automatically satisfy a creditor's claim in full. A creditor must offset the amount of the original claim by the value of the vehicle at the time of disposition. The price obtained through an actual sale determines the amount of a creditor's deficiency claim. See *In re Breaux*, 410 B.R. 236, 242 (W.D. La. 2009) (Calculating the amount of the unsecured deficiency claim by subtracting the net proceeds from the sale of the vehicle from the claim). Lincoln AFS's detailed record of the transactions on Debtors account satisfies its burden. Therefore, this Court finds Lincoln AFS's claim is valid and enforceable against Debtors.

**D.    The Court Awards Debtors' Attorney's Fees**

Debtors request this Court to preclude Lincoln AFS from presenting any evidence in support of its amended claim. Fed. R. Bankr. P. 3001(c)(2)(D)(i). Furthermore, Debtors request this Court award their reasonable and necessary attorney's fees and costs caused by Lincoln

6

AFS's failure to provide the required information. Fed. R. Bankr. P. 3001(c)(2)(D)(ii). The Rule 3001 now states:

> (D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
>
> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3001(c)(2)(D). Courts have discretion to determine whether to bar claimants use of the omitted information in any contested matter or adversary proceeding, or to impose other appropriate relief after notice and hearing. *In re Harris*, 492 B.R. 225, 228 (S.D. Tex. 2013).

Lincoln AFS presented detailed records in support of its amended claim and satisfied its burden of proof. This Court finds that the omitted information was harmless, and Lincoln AFS is not precluded from using the information under Fed. R. Bankr. P. 3001(c)(2)(D)(i). Debtors' request is denied.

Debtors request an award of attorney's fees under Bankruptcy Rule 3001(c)(2)(D)(ii). That rule has two requirements: first, the fees incurred by Debtor were "caused" by the creditor's failure to provide information; and second, fees and expenses to be awarded must be reasonable. *In re Dunlap*, 2013 Bankr. LEXIS 4165, 3-5, 2013 WL 5497047 (Bankr. D. Colo. 2013).

The Court recognizes that Debtors incurred attorney's fees and expenses objecting to the amended proof of claim caused by Lincoln AFS's failure to comply with Rule 3001(c). Debtors filed a Notice of Attorney Invoices on April 21, 2017, detailing attorney's fees incurred for

drafting the objection to the claim, contacting opposing counsel, and preparing for trial (Docket No. 93). The Court awards Debtors' attorney's fee of $4,890.00.

Signed at Houston, Texas on this 10th day of July, 2017.

_____
HONORABLE KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE